IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JODIE LYNN ALDRICH, | : | Case No. 3:13-CV-2321 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Cohn) |
| | : | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY | : : : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

April 10, 2015

Before the Court is the Report and Recommendation ( "R&R") of Magistrate Judge Gerald B. Cohn recommending that the Court affirm the Social Security Commissioner's ("the Commissioner") decision denying Plaintiff Disability Insurance Benefits ("DIB"). ECF No. 20. The Plaintiff, Jodie L. Aldrich, ("Aldrich") filed timely objections to the R&R. ECF No. 21. The Commissioner waived the opportunity to respond to the Aldrich's objections. ECF No. 22. For the reasons that follow, the Court will adopt in part and modify in part Magistrate Judge Cohn's R&R.

1

## I. BACKGROUND

Magistrate Judge Cohn sets forth in his R&R a detailed review of the procedural history, factual background and evidence submitted in this case. ECF No. 21. Aldrich does not object to Magistrate Judge Cohn's recitation of the facts, and the Court therefore adopts and incorporates that recitation. The summary that follows applies only to the objections raised by Aldrich.

Aldrich submitted physical capacity evaluations from three treating medical providers in support of her application. The first is from Vikas Passi, M.D, her primary care physician from March 21, 2008 through to August 2009. Dr. Passi completed a disability evaluation, declaring Aldrich temporarily disabled for less than 12 months. The next opinion was completed on January 9, 2012 by Nadine McGraw, a physician assistant to Michael Greenburg, M.D. Tr. 480-482. She opined that Aldrich was unable to work at the time and the restrictions would be in effect until June, 2012. Tr. 481. The final opinion was from Rodwan K. Rajjoub, M.D., a neurosurgeon who had performed surgery on Aldrich's spine. Tr. 472. On January 10, 2012 Dr. Rajjoub opined that Aldrich was able to work with some restrictions which would be in effect until March 15, 2012. Tr. 483.

After an evaluation of the entire record, the ALJ determined that Aldrich must establish disability prior to March 31, 2010, her date last insured, in order to be entitled to DIB.

## II. STANDARD OF REVIEW

District judges have wide discretion on how they choose to treat reports and recommendations from magistrate judges. *See United States v. Raddatz,* 447 U.S. 667, 680, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). "Whether or not objections are made to the magistrate's report, under § 636(b)(1) (C) the district court 'may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987), *cert denied,* 484 U.S. 837, 108 S.Ct. 120, 98 L.Ed.2d 79 (1987). When objections are filed, the Court must conduct a *de novo* review of the contested portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1) (C). *See also, Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn,* 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Goney v. Clark,* 749 F.2d 5, 7 ( 3d Cir. 1984). At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater,* 990 F.Supp. 375, 376-77 (M.D. Pa. 1998) (Vanaskie, J).

While the Court may conduct a de novo review of the Magistrate Judge's Report and Recommendation, it does not conduct a de novo review of the ALJ's determination to deny benefits. *Hunter Douglas, Inc. v. NLRB,* 804 F.2d 808, 812 (3d Cir. 1986). Rather, on appeal of a denial of Social Security benefits, the Court

## II. STANDARD OF REVIEW

District judges have wide discretion on how they choose to treat reports and recommendations from magistrate judges. *See United States v. Raddatz,* 447 U.S. 667, 680, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). "Whether or not objections are made to the magistrate's report, under § 636(b)(1) (C) the district court 'may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987), *cert denied,* 484 U.S. 837, 108 S.Ct. 120, 98 L.Ed.2d 79 (1987). When objections are filed, the Court must conduct a *de novo* review of the contested portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1) (C). *See also, Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn,* 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Goney v. Clark,* 749 F.2d 5, 7 ( 3d Cir. 1984). At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater,* 990 F.Supp. 375, 376-77 (M.D. Pa. 1998) (Vanaskie, J).

While the Court may conduct a de novo review of the Magistrate Judge's Report and Recommendation, it does not conduct a de novo review of the ALJ's determination to deny benefits. *Hunter Douglas, Inc. v. NLRB,* 804 F.2d 808, 812 (3d Cir. 1986). Rather, on appeal of a denial of Social Security benefits, the Court

merely ensures that the ALJ's decision is supported by substantial evidence in the record. *Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005); *Adorno v. Shalala,* 40 F.3d 43, 46 (3d Cir. 1994). "Substantial evidence" is that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 407, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Jesurum v. Secretary of the United States Dep't of Health & Human Servs.,* 48 F.3d 114, 117 (3d Cir. 1995). Such evidence may be less than a preponderance, *Richardson,* 402 U.S. at 401; *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979), but "must be sufficient to support the conclusion of a reasonable person after considering the evidentiary record as a whole, not just the evidence that is consistent with the agency's findings." *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986) (*quoting* R. Pierce, S. Shapiro & P. Verkuil, Administrative Law and Process 358-59 (1985)). If the ALJ's findings of fact are supported by substantial evidence, the Court is bound by those findings. *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir. 2001).

## III. DISCUSSION

Aldrich raises two objections to the R&R, asserting that the Magistrate Judge erred by: (1) supporting the ALJ's rejection of treating medical providers' opinions in favor of a non treating physician; and (2) by claiming that Plaintiff

waived her argument concerning pain. ECF No. 21. The Court will address these objections below.

## A. The Treating Physicians' Opinions

Aldrich contends that the ALJ decision to reject the opinions of her treating physicians was not supported by substantial evidence. Further, the ALJ failed to discuss why she accorded more weight to the opinion of a non-treating physician. Tr. 21. The R&R resolves the conflict in evidence created by the contradictory medical opinions but this matter still requires additional analysis.

### 1. Dr. Vassi's Disability Opinion

In Dr. Passi's disability evaluation, he determined that Aldrich was temporarily disabled for less than a year. Tr. 333. Dr. Passi based this evaluation on MRI findings, the chronic nature of her pain and on conversations with Aldrich's prior physician in California. Tr. 333. On April 11, 2011,. Louis Tedesco M.D., a non-examining state agency doctor, reviewed Aldrich's file including Dr. Passi's disability opinion. Tr. 456-62. Dr. Tedesco correctly noted that the determination of disability is an issue reserved for the Commissioner and not a treating source like Dr. Passi. Tr. 462. Dr. Tedesco nonetheless considers Dr. Passi's opinion in making his own disability determination. Tr. 456.

5

Opinions on some issues, for example, a statement by a medical source that a patient is disabled, does not mean that the patient is disabled. 20 CFR § 404.1527 (d). In considering Dr. Passi's opinion, the ALJ does not need to credit the disability determination because the "ultimate disability determination is reserved for the ALJ and a treating physician's opinion on that topic is not entitled to any special significance." 20 CFR § 404.1527(e)(1). Therefore Dr. Passi's disability determination, contrary to Aldrich's assertions, is not entitled to any special significance as is suggested by Aldrich.

Even if Dr. Passi's opinion was entitled to special significance, Aldrich would still not be considered to be disabled under the regulations. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of *not less than 12 months."* 42 USC § 423 (d)(1)(A). *Emphasis added.* Dr. Passi indicated that Aldrich's disability was temporary and was expected to last for less than 12 months. Tr. 336. Based on Dr. Passi's opinion, Aldrich would not meet the threshold requirement, of the Social Security Regulations. *See e.g., Bialowarczuk v. Barnhart,* 70 F. App'x 62, 63 (3d Cir. 2003) ( Plaintiff was unable to meet the time requirement because she could not establish that her disability had lasted or was expected to last for a continuous period of not less than 12 months.); 42 U.S.C. § 423(d)(1)(A).

The ALJ's treatment of Dr. Passi's disability opinion is therefore supported by substantial evidence.

**2. The Physician Assistant Opinion**

Aldrich also objects to the ALJ's treatment of the work limitations endorsed by physician's assistant, Nadine McGraw. McGraw completed a physical capacity evaluation that outlined restrictions to Aldrich's ability to work on January 9, 2012. Tr, 480-82. She opined that Aldrich was unable to work at the time and the restrictions would be in effect until June 2012. Tr. 481. The ALJ considered but gave no weight to this opinion because a "physician's assistant is not an acceptable medical source." Tr. 21. Aldrich contends that this analysis was mistaken because a physician's assistant is a perfectly acceptable "other source" to help evidence the severity of an impairment and how it affects a claimant's ability to work. 20 CFR § 404.1513(d).

The ALJ correctly assessed that a physician assistant is not considered an acceptable medical source. *See Titles II & Xvi:II & Xvi: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Med. Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmen* SSR 06-03P (S.S.A. Aug. 9, 2006). Nonetheless, an ALJ must consider all relevant evidence in the case record when making a disability

7

determination. 20 CFR 404.1527 (b) and 416 .927(b). An opinion such as McGraw's is therefore relevant evidence, even if she is not an "acceptable medical source."

Contrary to Aldrich's assertions, however, the ALJ did not limit her evaluation of McGraw's opinion to a finding that she was not an acceptable medical source. Tr. 21. The ALJ also explained that the McGraw opinion was dated almost two years after the date last insured and was more restrictive than the one offered by a surgeon, an otherwise, acceptable medical source. Tr. 21. There is substantial evidence to show that the ALJ considered this opinion and her rejection of it was proper.

### 3. Dr Rajjoub's Opinion

Dr.. Rajjoub also submitted a physical capacity evaluation form dated January 10, 2012, almost two years after Aldrich's date last insured. Tr. 483. Dr. Rajjoub had performed surgery on Aldrich's spine. Tr. 472. Dr. Rajjoub opined that Aldrich was able to work with some restrictions. Tr. 483. These restrictions would be in effect until March 15, 2012. Tr. 483.

Aldrich, is once again mistaken in her assertion that there was no basis for the ALJ to reject Dr. Rajjoub's opinion. The ALJ gave no weight to Dr. Rajjoub's opinion because there was no objective medical evidence that he treated Aldrich

during the relevant period.  Tr. 21.  The ALJ also noted that Dr. Rajjoub's opinion was offered nearly two years after her date last insured.  Tr. 21.  The ALJ's analysis of Dr. Rajjoub's opinion is supported by substantial evidence.

It is worth noting that Dr. Rajjoub's opinion was a generic medical source statement where he merely checked boxes.  Tr. 483.  The form calls for no further explanation and no such explanation was given by Dr. Rajjoub.  Tr. 483.  A form report in which a physician's obligation is only to check a box or fill in a blank space is weak evidence at best.  *See Mason v. Shalala*, 994, F.2d 1058, 1065. (3d Cir. 1993).

### 4. Non Treating Physician's Opinion

The ALJ assigned more weight to Dr. Tedesco's, the state agency physician's opinion than to the other medical providers' opinions.  Aldrich asserts that in doing so, the ALJ did not provide any analysis as to why Dr. Tedesco's opinion should be preferred over the opinions of three treating sources.

The United States Court of Appeals for the Third Circuit has repeatedly reiterated that an ALJ may assign greater weight to a state agency opinion as long as evidence is not rejected for "no reason or the wrong reason." *Mason v. Shalala,* 994 F.2d 1058, 1066 ( 3d Cir. 1993); *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356 ( 3d Cir. 2011).  Moreover, the weight accorded to the opinions of non-treating

physicians will "depend on the degree to which they provide supporting explanations for their opinions" after "considering all of the pertinent evidence." 20 CFR 416.927.

As discussed above, the ALJ's decision to reject the opinions of Dr. Rajjoub and physician's assistant McGraw was not devoid of reason or made for the wrong reason. In turn, the ALJ relied mostly on Dr. Tedesco's opinion to help ascertain Aldrich's residual functional capacity. Dr. Tedesco based his decision on a thorough review of the record and did not disregard evidence inappropriately. Dr. Tedesco recognized the value of Dr. Passi's findings and incorporated those findings in his own assessment of the record. The ALJ's analysis of Dr. Tedesco's opinion, though brief, is still adequate for the Court to engage in a meaningful review. *See Jones v. Barnhart,* 364 F.3d 501, 505 ( 3d Cir. 2004) ( ALJ is not required to "use particular language or adhere to a particular format in conducting his analysis" and instead must on "ensure that there is sufficient development of the record and explanations of findings to permit meaningful review.") The ALJ's decision to rely on Dr. Tedesco is supported by substantial evidence.

## B. Aldrich's Complaints of Pain

Aldrich next contends that the Magistrate Judge erred by claiming that the Aldrich waived her argument concerning her complaints of pain. Magistrate Judge

Cohn reasons that because Aldrich did not allege any specific functional limitations arising from her pain that precluded her from working, she waived this argument.

Prior to reaching this conclusion, the Magistrate Judge addressed Aldrich's argument concerning her complaints of pain and concluded that they were without merit. The Magistrate Judge came to the correct conclusion that the ALJ's decision to discount Aldrich's credibility was supported by substantial evidence. The analysis was thorough, well reasoned, and without error. Even assuming that the Magistrate Judge erred in concluding that the argument was waived, such error would be harmless and would not necessitate a remand. *See Rutherford*, 399 F.3d at 553 (A remand is not required if it would not affect the outcome of the case.) *See also Spiva v. Astrue,* 628 F.3d 346, 353 (7th Cir.2010) (holding doctrine of harmless error applies "[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record").

Aldrich's objection to this portion of Magistrate Judge Cohn's R&R is overruled and adopted in full.

## IV. Conclusions

For the reasons discussed above, Magistrate Judge Cohn's Report and Recommendation will be adopted with modifications. An appropriate Order will be entered.

BY THE COURT:

<u>/s Matthew W. Brann</u>
Matthew W. Brann
United States District Judge